IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

v.

ASHREF BANNAGA

*Defendant*.

Criminal Action No. ELH-12-00345

**MEMORANDUM**

Ashref Bannaga, defendant, submitted correspondence requesting early termination of his supervised release.  ECF 69 (the "Motion").  He claims that he has "changed [his] life."  *Id.*  He also explains that his father, who lives in Canada, has recently been diagnosed with lung cancer and he wants to visit him.  *Id.*  In addition, he wants to get married in June 2026 to a woman who lives in Egypt.  *Id.*[1]

Upon receipt of defendant's Motion, the Court asked both the government and the Probation and Pretrial Services Office ("Probation") to respond.  *See* ECF 70.  The government and Probation oppose the Motion.  *See* ECF 71 (government); ECF 72 (Probation).[2]  Defendant did not reply

---

[1] Defendant does not explain why or how supervised release will preclude him from traveling to visit his father or to get married.

[2] Defendant contacted my Chambers on April 21, 2026, to advise that he did not receive the government's response.  A law clerk in my Chambers obtained defendant's current mailing address from defendant and provided it to the government.  The government notified the Court that it had sent a copy of its opposition to defendant's last known address at the time of filing.  But, government counsel indicated that he also resent the submission to defendant, via Federal Express, at the address defendant provided to my law clerk.

No hearing is necessary to resolve the Motion.  Local Rule 105.6.  For the reasons that follow, I shall deny the Motion.

## I.

Defendant was indicted on June 20, 2012.  ECF 1.  He was charged with committing an armed bank robbery on December 7, 2011, in violation of 18 U.S.C. § 2113(a), (d), and (f).  In particular, he used a Colt Model gun and stole almost $6,000.  *Id.*

On December 21, 2012, defendant entered a plea of guilty (ECF 20), pursuant to a Plea Agreement.  ECF 21.  Judge J. Frederick Motz, to whom the case was then assigned, conducted sentencing on September 27, 2013.  ECF 32.  The Presentence Report ("PSR", ECF 25) reflected that defendant was 32 years of age at sentencing.

Notably, in 2006, the defendant was convicted in federal court of armed bank robbery.  *Id.* ¶ 28.  For that offense, he was sentenced to 70 months of imprisonment and 48 months of supervised release.  *Id.*  The seventy-month sentence did not deter the defendant from the Commission of another crime.  Moreover, defendant was on supervised release for the prior bank robbery offense when he committed the armed bank robbery at issue here.  *Id.*

Here, defendant had a final offense level of 22 (*id.* ¶ 25) and a criminal history category of III.  *Id.* ¶ 35.  The advisory sentencing guidelines ("Guidelines") called for a sentence of imprisonment ranging from 51 to 63 months.  *Id.* ¶ 42.

Judge Motz imposed a term of 60 months imprisonment, *i.e.*, five years.  *See* ECF 33 (Judgment).  He also imposed five years of supervised release.  *Id.*

The case was reassigned to me in 2021, due to Judge Motz's retirement.  While defendant was on supervised release in this case, he was charged with the commission of multiple offenses.

*See* ECF 43, ECF 45.  Petitions for violation of supervised release are docketed at ECF 43, ECF 45, and ECF 48.

The Court held a hearing on the violations of supervised release on August 12, 2024.  ECF 61.  Defendant entered admissions to violations numbers 1 and 5 in the Third Petition (ECF 48), *i.e.*, the commission of another offense and failing to report to his probation officer.  *See* ECF 61, ECF 63.

The Guidelines called for a sentence of imprisonment ranging from 18 to 24 months.  I revoked supervision, and I sentenced defendant to a below-Guidelines term of seven months of imprisonment.  I also imposed a period of two years of supervised release.  ECF 63.

Defendant is now under supervision in the Northern District of New York.  His supervision expires on December 22, 2026.

As noted, both the government and the Probation Office object to early termination.  They point to the number of crimes that defendant committed while under supervision.  And, they note that he committed the underlying armed bank robbery offense while on supervised release for an earlier armed bank robbery.  *See*, *e.g.*, ECF 71 at 1.  In addition, the government points out that defendant absconded from Maryland during his supervision.  *Id.*  Although a judge in California instructed defendant in October 2022 to report to Maryland for supervision, defendant failed to do so.  *Id.* at 2.  Defendant was eventually arrested in Maryland in July 2024.  ECF 58.

**II.**

Supervised release is "a post-incarceration program intended 'to assist individuals in their transition to community life.'"  *United States v. McLeod*, 972 F.3d 637, 641 (4th Cir. 2020) (quoting *United States v. Johnson*, 529 U.S. 53, 59 (2000)).  "'[T]he primary goal [of supervised release] is to ease the defendant's transition into the community after the service of a long prison

term . . . or to provide rehabilitation to a defendant who has spent a fairly short period in prison . . . but still needs supervision . . . .'"  *United States v. Lewis*, 90 F.4th 288, 294 (4th Cir. 2024) (citation omitted).  Supervised release "essentially amounts to a *conditional* and *partial* release" from incarceration.  *Id.* (emphasis in *Lewis*).

Punishment is not "an appropriate reason" to impose supervised release.  *Lewis*, 90 F.4th at 294.  Rather, supervised release "fulfills rehabilitative ends, distinct from those served by incarceration."  *Johnson*, 529 U.S. at 59.  In imposing supervised release, the court must consider, *inter alia*, the defendant's history and characteristics and the need to deter criminal conduct.  *Lewis*, 90 F.4th at 295.

The Motion implicates 18 U.S.C. § 3583(e)(1).  It provides the District Court with authority to grant early termination of supervised release if, in the court's discretion, the relief is appropriate and in the interest of justice.  The section states:

> The court may, after considering the factors set forth in section 3553(a)(1),(a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

In sum, under 18 U.S.C. § 3583(e)(1), a court, after considering the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), may terminate a defendant's term of supervised release at any time after the expiration of one year of supervision, if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

In assessing whether a defendant has met that burden, a court must consider:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1);

4

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

(3) the kinds of sentence and sentencing range established for the defendant's crimes, § 3553(a)(4)(A);

(4) pertinent policy statements issued by the United States Sentencing Commission, § 3553(a)(5);

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

(6) the need to provide restitution to any victims of the offense, § 3553(a)(7).

Effective November 1, 2025, the Guidelines were amended as to the imposition, modification, termination, and revocation of supervised release.  Of relevance here, the Amendment created a new section, § 5D1.4.  Section 5D1.4(b) provides:

(b) EARLY TERMINATION.—Any time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision, the court may terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice.  See 18 U.S.C. § 3583(e)(1).

The Commentary includes factors that a court may want to consider in determining whether early termination is appropriate:

(B)    **Early Termination.**—When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:

(i)    any history of court-reported violations over the term of supervision;

(ii)    the ability of the defendant to lawfully self-manage (e.g., the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);

(iii)    the defendant's substantial compliance with all conditions of supervision;

(iv)    the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;

(v)    a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

(vi)    whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Here, defendant committed a very serious offense. *See* 18 U.S.C. § 3553(a)(1). The Plea Agreement contained a Stipulation of Facts. ECF 21 at 9. It reflects that on December 7, 2011, defendant brandished a firearm in a bank and ordered bank employees and customers into one area and warned a witness "not to do anything 'stupid.'" *Id.*

It is also noteworthy that defendant entered supervised release on January 2011, after serving a 70-month sentence for an earlier armed bank robbery. *Id.* Yet, less than a year later, he committed the armed bank robbery that is at issue in this case.

To be sure, defendant now claims to be doing very well on supervised release. I applaud defendant's progress while on supervised release. But, the supervision undoubtedly has helped guide defendant to the right path and to remain there.

In any event, conduct consistent with compliance is also consistent with the expectations and conditions of his supervision. *See, e.g., United States v. Guillatt*, 2005 WL 589354, *1 (E.D. Pa. 2005) ("The conduct cited by defendant is commendable. However, it is nothing more than what is required under the terms of defendant's probation."). If mere compliance with the terms of the court's supervision were sufficient to merit early termination, "the exception would swallow the rule." *Id.; see also United States v. Lohman*, 2007 WL 1430282, *1 (E.D. Wis. 2007) (holding

6

that if simple compliance were sufficient for early termination, "every defendant who avoided revocation would be eligible for early termination").

The Court's primary focus concerns 18 U.S.C. § 3553(a)(1).  As I see it, public safety weighs heavily here, along with the factor of deterrence.  The nature and circumstances of the offense, the need to assure the safety of the public, and the need to deter any future misconduct by defendant, lead me to conclude that early termination of supervision is not appropriate.  To the contrary, the Court believes supervision is crucial to assist defendant in maintaining his status as a law-abiding, productive member of the community.

Moreover, supervised release is not unduly burdensome.  Nor is the length of supervised release unduly long here, particularly when I consider the gravity of the crime.

Therefore, I shall deny the Motion (ECF 69).  An Order follows.


Date:   May 6, 2026                                    _____/s/_____
                                                       Ellen L. Hollander
                                                       United States District Judge